UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERENCE GATT,<br><br>      Plaintiff,<br><br>v.<br><br>HARTFORD HEALTHCARE CORP.,<br>INTEGRATED CARE PARTNERS LLC, and<br>BERNICE LEE, Individually,<br><br>      Defendants. | Case No. 18-345<br><br><br><br>COMPLAINT<br><br><br><br>Plaintiff Demands a Trial<br>by Jury |

Plaintiff, TERENCE GATT ("Mr. Gatt or "Plaintiff"), by and through his attorneys, LEVINE & BLIT, PLLC, as and for his complaint against HARTFORD HEALTHCARE CORP. ("HHC"), INTEGRATED CARE PARTNERS, LLC ("ICP"), and BERNICE LEE, individually, ("Ms. Lee") (collectively, "Defendants"), alleges upon information and belief:

**PRELIMINARY STATEMENT**

1.  This action is brought to remedy the following: (1) disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; (2) unlawful retaliation in violation of the ADA; (3) failure to reasonably accommodate plaintiff's recorded disability in violation of the ADA; (4) disability discrimination in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 et seq.; (5) unlawful retaliation in violation of the CFEPA and (6) failure to reasonably accommodate plaintiff's recorded disability in violation of the CFEPA, along with any other causes of action that may be inferred from the facts set forth herein.

1

2. Defendants' actions were unlawful and plaintiff brings this action for injunctive relief, actual damages for lost wages and benefits, compensatory damages, liquidated damages, punitive damages, reasonable attorney's fees and costs of this action, as well as any such further relief this Court deems just and proper.

## JURISDICTIONAL PREREQUISITES

3. On or about April 7, 2017, plaintiff filed a timely complaint ("EEOC Complaint") against defendant, claiming unlawful discriminatory practices relating to discrimination based upon disability and unlawful retaliation, with the United States Equal Employment Opportunity Division ('EEOC").

4. On or about November 30, 2017 the EEOC issued a Notice of Right to Sue.

5. This complaint was timely filed within ninety (90) days of plaintiff's receipt of the Notice of the Right to Sue.

## JURISDICTION AND VENUE

6. This court has original jurisdiction over this action under 42 USCA Section 2000e-5(f) and under 28 USCA §1331.

7. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. §1367.

8. Venue in this Court is proper pursuant to 28 USCA §1391(b) because a substantial part of the events giving rise to this claim occurred in this judicial district.

## THE PARTIES

9. Plaintiff, Terence Gatt, is a qualified individual with a disability and is opposed to discriminatory practices. Mr. Gatt currently resides in the State of New York.

10. Defendant, Hartford HealthCare Corporation, is a private corporation providing health care services, duly organized and existing under the laws of the State of Connecticut. HHC maintains its principal place of business at One State Street, Suite 19, Hartford, Connecticut 06103.

11. Integrated Care Partners, LLC is a private limited liability company providing health care services, duly organized and existing under the laws of the State of Connecticut. ICP maintains its principal place of business at Hartford HealthCare Corporation, One State Street, Suite 19, Hartford Connecticut 06103. Upon information and belief, ICP maintains offices at 1290 Silas Deane Highway, 2nd Floor, Wethersfield, Connecticut 06109. Upon information and belief, ICP is a HCP partner and/or affiliate such that ICP and HCP are a joint and/or single integrated employer.

12. At all times relevant to this complaint, Mr. Gatt was an employee of HHC, within the meaning of applicable federal, state, and local statutes, and was entitled to protection under the ADA, CFEPA, and all other applicable state and local laws.

13. At all times relevant to this complaint, HHC maintained employment relationships with fifteen (15) or more individuals and is an employer within the meaning of the ADA, CFEPA, and all other applicable state and local laws.

14. At all times relevant to this complaint, Mr. Gatt served as Senior Population Health Analyst at Defendant.

15. At all times relevant to this complaint, Ms. Lee served in the capacity of Director, Health Economics, at HCP and maintained a direct managerial and/or supervisory position over Mr. Gatt in his employment with authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of Mr. Gatt's employment at Defendant.

16. At all times relevant to this complaint, Mr. Gatt maintained the requisite credentials, experience, skills, qualifications and/or ability to perform the essential functions of his employment position at Defendant, with or without reasonable accommodation.

17. At all times relevant to this complaint, Mr. Gatt suffers from an "impairment" within the meaning of the ADA, suffers from a "physical disability" within the meaning of the CFEPA, and had been medically diagnosed with Stiff Persons Syndrome ("SPS").

18. At all times relevant to this complaint, Defendant had knowledge of the Plaintiff's disability.

## FACTUAL ALLEGATIONS

19. On or about June 7, 2016, Mr. Gatt commenced his employment at ICP as a Population Health Analyst.

20. Until Mr. Gatt was terminated on or about October 19, 2016, Mr. Gatt was discriminated against based upon his recorded disability, which included but was not limited to being continually denied reasonable disability accommodations as Defendant failed to engage in an interactive process.

21. Mr. Gatt has a physician-created disability record, and Mr. Gatt repeatedly communicated this record to Defendant prior to and during his employment at ICP.

22. Whereas Mr. Gatt was hired as a Population Health Analyst and worked approximately forty (40) hours per week, in or about August 2016, Defendant moved Mr. Gatt's

4

department under a new division supervised by Ms. Lee. As a result and without increasing his salary, Mr. Gatt's title became Senior Population Health Analyst, his job description was amended to add significant duties that, *inter alia*, required him to supervise approximately four (4) individuals without experience, which increased the number of hours worked to between approximately sixty (60) and eighty (80) hours per week. Also, during the course of the move, another employee in Mr. Gatt's department quit, and Ms. Lee never filled that vacant position.

23. On or about September 12, 2016, Mr. Gatt suffered from tremors and a seizure at work, and as a result he hit his head on his desk. Ms. Lee sent Mr. Gatt home, and she allowed him to temporarily work remotely.

24. On or about September 18, 2016, still in severe pain and believing that it would be unsafe for him to drive to work, Mr. Gatt made a written disability accommodation request to Ms. Lee that he be permitted to continue to work remotely. In response, Ms. Lee merely asked Mr. Gatt whether he had called Occupational Health, which did not know how to handle Mr. Gatt's reasonable accommodation request when he did make such a request.

25. On or about September 27, 2016, Mr. Gatt's physician issued to him an order prohibiting him from driving. Mr. Gatt subsequently communicated this no-drive order to Ms. Lee; however, Ms. Lee pressured Mr. Gatt to drive to work to attend meetings.

26. On or about October 6, 2016, Mr. Gatt's physician recommended that he take a leave of absence from work to treat his disability.

27. On or about October 7, 2016, because Occupational Heath had been unable to assist Mr. Gatt, Mr. Gatt contacted Human Resources to make a reasonable disability accommodation request; however, Human Resources, like Occupational Health, did not know how to handle Mr. Gatt's request.

5

28. On or about October 13, 2016, because Occupational Health had not yet resolved his reasonable disability accommodation request, even after he submitted his physician's orders, Mr. Gatt contacted Ms. Lee who in turn contacted Human Resources to inquire about Mr. Gatt's requests with Occupational Health, but Ms. Lee did not receive a response.

29. On or about October 13, 2016, because Occupational Health had not yet resolved his reasonable disability accommodation request, even after he submitted his physician's orders, Mr. Gatt contacted Ms. Lee who in turn contacted Human Resources to inquire about Mr. Gatt's requests with Occupational Health, but Ms. Lee did not receive a response.

30. On or about October 17, 2016, having not received a response from Human Resources or Occupational Health, Mr. Gatt again contacted Ms. Lee concerning his continued inability to reach Human Resources or Occupational Health regarding his reasonable disability accommodation requests. Ms. Lee then again contacted Human Resources to inquire about Mr. Gatt's requests with Occupational Health.

31. On or about October 18, 2016, Human Resources again merely advised Mr. Gatt to contact Occupational Health regarding his reasonable disability accommodation requests, and Human Resources provided Mr. Gatt with a hyperlink to make a leave of absence request. On the same day, Mr. Gatt requested a leave of absence using the hyperlink.

32. On or about October 19, 2016, Ms. Lee terminated Mr. Gatt.

**33.** Pursuant to the ADA and the CFEPA, an employer is required to provide reasonable accommodations to qualified employees with disabilities, unless doing so would pose an undue hardship.

34. Here, as evidenced above, HHC consistently summarily denied Mr. Gatt's reasonable accommodation requests without engaging in an interactive process or demonstrating that his requests would pose an undue hardship to the company.

35. Pursuant to the ADA and the CFEPA, it is unlawful for an employer to take adverse employment actions against an employee based on that employee's disability or engagement in a protected activity.

36. Here, only one day after requesting a leave of absence to treat his disability, HHC terminated Mr. Gatt because he requested such reasonable accommodations.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Discrimination based upon Disability under the ADA)

37. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs hereunder as if set forth fully herein.

38. At all times relevant to this action, defendants were "employers" within the meaning the ADA, and the plaintiff was an employee entitled to the protection in his employment based upon his disabilities.

39. Pursuant to the acts and practices of the defendants as alleged above, the plaintiff was subjected to unlawful discrimination in the terms and conditions of his employment because of his disability.

40. As a proximate result of the Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

41. As a further proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer compensatory damages for mental

7

anguish, severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses

42. The defendants acted outrageously and with malice and reckless indifference to the plaintiff's protected civil rights under the ADA and plaintiff is entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Retaliation in Violation of the ADA)

43. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs hereunder as if set forth fully herein.

44. At all times relevant to this action, defendants were "employers" within the meaning the ADA, and the plaintiff was an employee entitled to the protection in his employment based upon his disabilities.

45. Pursuant to the acts and practices of the defendants as alleged above, Mr. Gatt was retaliated against by defendants when his employment was terminated with HHC because he made several requests for reasonable accommodations and requested a leave of absence.

46. Mr. Gatt engaged in a protected activity when he requested reasonable accommodations from defendants and pursued his rights under the ADA.

47. Pursuant to the acts and practices of the defendants as alleged above, Mr. Gatt was retaliated against by defendants when his employment was terminated with HHC because of his repeated requests to be accommodated.

48. Defendants knew or should have known of the unlawful acts and practices as alleged above and of Plaintiff's complaints/requests regarding the same, yet failed to act promptly to prevent or end the harassment.

49.     Instead of taking steps to endure a discrimination-free workplace, Defendants condoned, participated in, and reinforced, the unlawful acts and practices as alleged above and retaliated against Mr. Gatt by terminating Plaintiff's employment in retaliation for his protected requests.

50.     As a proximate result of the Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

51.     As a further proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer compensatory damages for mental anguish, severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to reasonably accommodate plaintiff's disability in violation of the ADA)

52.     Plaintiff hereby repeats and realleges each allegation contained in the paragraphs hereunder as if set forth fully herein.

53.     At all times relevant to this action, defendants were "employers" within the meaning of the ADA, and the plaintiff was an employee entitled to the protection in his employment based upon his disabilities.

54.     Defendants consistently denied numerous reasonable disability accommodation requests made by Mr. Gatt without engaging in an interactive process or demonstrating that his requests would pose an undue hardship to the company.

55.     Pursuant to the acts and practices of the defendants as alleged above, the Defendants failed to provide reasonable accommodations for Mr. Gatt's recorded disability

violating the ADA. As a proximate result of the Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits

.56.  As a further proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer compensatory damages for mental anguish, severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses

**FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Discrimination based upon Disability under the CFEPA)

57.  Plaintiff hereby repeats and realleges each allegation contained in the paragraphs hereunder as if set forth fully herein.

58.  At all times relevant to this action, defendants were "employers" within the meaning the CFEPA, and the plaintiff was an employee entitled to the protection in his employment based upon his disabilities.

59.  Pursuant to the acts and practices of the defendants as alleged above, the plaintiff was subjected to unlawful discrimination in the terms and conditions of his employment because of his disability.

60.  As a proximate result of the Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

61.  As a further proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer compensatory damages for mental

anguish, severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses.

### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Retaliation in Violation of the CFEPA)

62. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs hereunder as if set forth fully herein.

63. At all times relevant to this action, defendants were "employers" within the meaning the CFEPA, and the plaintiff was an employee entitled to the protection in his employment based upon his disabilities.

64. Pursuant to the acts and practices of the defendants as alleged above, Mr. Gatt was retaliated against by defendants when his employment was terminated with HHC because he made several requests for reasonable accommodations and requested a leave of absence.

65. Mr. Gatt engaged in a protected activity when he repeatedly requested reasonable accommodations for his disability despite being continually denied same.

66. Pursuant to the acts and practices of the defendants as alleged above, Mr. Gatt was retaliated against by defendants when his employment was terminated with HHC because he requested a leave of absence.

67. Defendants knew or should have known of the unlawful acts and practices as alleged above and of Plaintiff's complaints/requests regarding the same, yet failed to act promptly to prevent or end the harassment.

68. Instead of taking steps to endure a discrimination-free workplace, Defendants condoned, participated in, and reinforced, the unlawful acts and practices as alleged above and

retaliated against Mr. Gatt by terminating Plaintiff's employment in retaliation for his protected requests.

69. As a proximate result of the defendants' unlawful acts and practices as alleged above, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

70. As a further proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer compensatory damages for mental anguish, severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses

**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Failure to reasonably accommodate plaintiff's disability in violation of the CFEPA)

71. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs hereunder as if set forth fully herein.

72. At all times relevant to this action, defendants were "employers" within the meaning of the CFEPA, and the plaintiff was an employee entitled to the protection in his employment based upon his disabilities.

73. Defendants consistently denied numerous reasonable disability accommodation requests made by Mr. Gatt without engaging in an interactive process or demonstrating that his requests would pose an undue hardship to the company.

74. Pursuant to the acts and practices of the defendants as alleged above, the Defendants failed to provide reasonable accommodations for Mr. Gatt's recorded disability violating the CFEPA.

75. As a proximate result of the Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and will continue to suffer substantial losses, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

76. As a further proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer compensatory damages for mental anguish, severe and lasting embarrassment, humiliation, emotional distress, and other incidental and consequential damages and expenses

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment containing the following relief:

(a) An order enjoining defendants from engaging in the wrongful practices alleged herein;

(b) An award of plaintiff's actual damages in an amount to be determined at trial for lost wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

(c) An award of damages in an amount to be determined at trial to compensate plaintiff for mental anguish, emotional distress, humiliation, and embarrassment;

(d) An award of liquidated damages;

(e) An award of punitive damages;

(f) The costs of this action including the costs of reasonable attorney's fees;

(g) An award of prejudgment interest to the fullest extent allowed under the law; and

(h) Such other and further relief this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: February 27, 2018
       Syracuse, New York

s/ *[signature]*
Eric R. Schwerzmann, Esq.
(Federal Bar Roll # ct27627)
**LOCAL COUNSEL**
Attorneys for Plaintiff
Trantolo & Trantolo, LLC
50 Russ Street
Hartford, CT 06106
Tel. 860-522-9248
Fax 860-548-2555
erics@trantololaw.com

14